UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INSULATORS AND ALLIED WORKERS  )
LOCAL NO. 46 ANNUITY FUND,   )
            )  Civil Action No.
   Plaintiff,      )
            )
v.            )
            )
JAX INSULATION AND SOFT PACK, INC., )
            )
   Defendant.     )

## COMPLAINT

   Insulators and Allied Workers Local No. 46 Annuity Fund (Plaintiff), complaining of Jax

Insulation and Soft Pack, Inc. (Defendant) alleges as follows:

   1.   This action is brought and maintained in accordance with the provisions of the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as

amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. §

1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to the

Plaintiff. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

   2.   Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff is a pension plan as that term

is defined in ERISA at 29 U.S.C. § 1002 (a)(A), and in that the Fund is administered in this judicial

district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

   3.   The Plaintiff is primarily funded by contributions remitted by multiple participating

employers pursuant to negotiated collective bargaining agreements with the Association of Heat

and Frost Insulators and Allied Workers. All principal and income from such contributions and

investments thereof is held and used for the exclusive purpose of providing benefits to participants

and beneficiaries of the Plaintiff after paying administrative and other reasonable expenses of the Fund.

4.     Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

5.     During all pertinent times, Defendant was a party to a collective bargaining agreement.   Pursuant to this agreement, Defendant was to pay certain contributions to the Plaintiff on behalf of covered employees.   Pursuant to this agreement, Defendant was bound by the provisions of the trust agreement which created the Plaintiff, and Defendant was thereby obligated to pay contributions on behalf of employees covered by the collective bargaining agreement.

6.     Plaintiff operates on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff.

7.     The collective bargaining agreement and trust agreement require prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions.

8.     Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

9.     Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreement whereby the Plaintiff was created and operates,

such breach occurring by virtue of Defendant failing to timely pay contributions and interest due thereon and/or having failed to submit reports with the employee work history for employees.

10. Despite demand by the Plaintiff that Defendant perform its statutory and contractual and trust obligations with respect to making timely contributions to the Fund, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct described herein, and Defendant currently owes accumulated interest on untimely submitted contributions.

11. The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiff to suffer irreparable harm; further, employer delinquencies such as those of Defendant adversely affect and impact upon the financial integrity of the Fund, and the continued delinquency will cause the Plaintiff to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiff to incur additional administrative expenses in connection with the remedying of the delinquencies of Defendant.

12. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff requests the following relief:

(a) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreement requiring payment of contributions.

(b) A judgment against Defendant in favor of Plaintiff for all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(c)     For such further or different relief as the Court may deem proper or just.

Respectfully submitted,


s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN   37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com